# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DORIS JANE NEUMANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 15 C 10507 |
| v. ) | Hon. Marvin E. Aspen |
| ) | |
| BORG-WARNER MORSE TEC LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Doris Jane Neumann filed this negligence action in Illinois state court against several manufacturers and distributors of asbestos-laden products. In this "take-home" or "secondary" asbestos lawsuit, Neumann alleges that she contracted malignant mesothelioma through her exposure to asbestos fibers unwittingly brought home by her son, who utilized Defendants' products at work.

Defendant MW Custom Papers, LLC, as successor-in-interest to the Mead Corporation ("MW Custom Papers"), filed a motion to dismiss the complaint, which we granted on March 10, 2016. As discussed in detail in that opinion ("Opinion"), we concluded that MW Custom Papers did not owe a duty to Neumann under the law governing negligence claims in Illinois. (3/10/16 Op. (Dkt. No. 88) at 8–13.) We therefore dismissed the claims against MW Custom Papers.

Neumann has now filed a motion for reconsideration, asking that we reverse our holding. (Dkt. No. 106.) In addition, the remaining six defendants—Honeywell International Inc., Borg-Warner TEC LLC, Dana Companies LLC, Federal-Mogul Asbestos Personal Injury Trust, Hollingsworth & Vose Company and Union Carbide Corporation—filed their own

1

Rule 12 motions, seeking dismissal of Neumann's claims for the reasons set forth in the Opinion. (Dkt. Nos. 89 (Honeywell), 92 (Union Carbide), 97 (Borg-Warner), 100 (Federal-Mogul), 104 (Dana Companies), & 107 (Hollingsworth & Vose).) We hereby deny Neumann's motion for reconsideration and grant Defendants' motions.

## BACKGROUND

We previously summarized Neumann's allegations in the Opinion and assume familiarity with the relevant background. By way of brief description, Neumann's son, Greg, worked as a gas station attendant and mechanic from approximately 1970 through 1974. In that position, he handled asbestos-containing products made and/or distributed by each of the Defendants. Neumann alleges that she was exposed to asbestos through contact with Greg and through laundering his clothes. She contends that this exposure caused her to contract mesothelioma. (Compl. ¶¶ 2–4, 8–11, 13–15; *see also* 3/10/16 Op. at 1–2.)

In its motion to dismiss, MW Custom Papers argued that it could not be liable to Neumann for her alleged injuries under a negligence theory because it did not owe her a duty. In the Opinion, we summarized governing Illinois precedent concerning negligence and duty. (3/10/16 Op. at 4–5.) Contrary to MW Custom Papers' argument, we held that Neumann adequately pled that her illness was reasonably foreseeable to Defendants. (*Id.* at 5–8.) We then considered the remaining factors relevant to duty under Illinois law, particularly the two factors evaluating "the magnitude of the burden of guarding against the injury" and "the consequences of placing that burden on the defendant."[1] *Simpkins v. CSX Transp., Inc.*, 358 Ill. Dec. 613, 618, 965 N.E.2d 1092, 1097 (Ill. 2012); *Krywin v. Chi. Transit Auth.*, 238 Ill.2d 215, 226, 938 N.E.2d

---

[1] Although relevant allegations had been included in her complaint, Neumann did not address these policy factors in opposition to MW Custom Papers' motion. (3/10/16 Op. at 9.)

440, 447 (Ill. 2010); *Marshall v. Burger King Corp.*, 222 Ill.2d 422, 435, 856 N.E.2d 1048, 1056–57 (Ill. 2006).

When we focused on these factors, we found that the motion posed a dispositive yet previously unanswered question: does (or should) Illinois recognize a duty running to family members in take-home asbestos cases? (3/10/16 Op. at 9–10.) To explore that question, we reviewed split authority from the Illinois appellate courts, as well as the Illinois Supreme Court's opinion in *Simpkins*. (3/10/16 Op. at 10–11.) Having thoroughly evaluated the *Simpkins* opinion, we held that the Illinois Supreme Court simply did not reach, and did not answer, the pending duty question. (*Id.* & n.3.) In the absence of direction from the Illinois courts, we examined holdings from other jurisdictions, which we found unhelpful. (*Id.* at 11–12.) Because we found no authorities convincing us how the Illinois Supreme Court would rule on the novel duty question, we concluded that we could not answer this open legal question in Neumann's favor. (*Id.* at 12–13.) We followed the Seventh Circuit's instruction that "[w]hen we are faced with two opposing and equally plausible interpretations of state law, we generally choose the narrower interpretation which restricts liability, rather than the more expansive interpretation which creates substantially more liability." *Home Valu, Inc. v. Pep Boys*, 213 F.3d 960, 963 (7th Cir. 2000); *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 635–36 (7th Cir. 2007); *S. Ill. Riverboat Casino Cruises, Inc. v. Triangle Insulation & Sheet Metal Co.*, 302 F.3d 667, 676 (7th Cir. 2002); *see Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 607 (7th Cir. 2000) ("Federal courts are loathe to fiddle around with state law."). We thus found that MW Custom Papers did not owe a duty to Neumann and granted its motion to dismiss. (3/10/16 Op. at 13.)

## ANALYSIS

Neumann now asks us to reverse our conclusion, while the remaining Defendants ask us to extend it to cover all of them. We briefly address these related arguments in turn, beginning with Neumann's motion.

I.     **NEUMANN'S MOTION FOR RECONSIDERATION**

Because Neumann has asked us to reconsider a non-final order, our analysis is guided by Federal Rule of Civil Procedure 54(b), as well as our inherent authority. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990); *Caine v. Burge*, 897 F. Supp. 2d 714, 716 (N.D. Ill. 2012); *Mitchell v. JCG Indus.*, 845 F. Supp. 2d 1080, 1082–83 (N.D. Ill. 2012); *see also Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12, 103 S. Ct. 927, 935 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge"). Rule 54(b) provides that a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Reconsideration is appropriate only "where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011), *overruled on other grounds by Hill v. Tangherini*, 724 F.3d 965, 967 n.1 (7th Cir. 2013); *see also Bank of Waunakee*, 906 F.2d at 1191; *Caine*, 897 F. Supp. 2d at 716.

"[A] motion for reconsideration does not allow a party to revisit strategic decisions that prove to be improvident, to reargue the evidence, to make new arguments, or to introduce new evidence that could have been presented earlier." *HCP of Ill., Inc. v. Farbman Group I, Inc.*,

991 F. Supp. 2d 999, 1000 (N.D. Ill. 2013); *Caine*, 897 F. Supp. 2d at 717; *see Janusz v. City of Chi.*, 03 C 4402, 2015 WL 269934, at *4 (N.D. Ill. Jan. 20, 2015). Rule 54 motions thus serve a limited function and are granted only in exceptional circumstances. *Bank of Waunakee*, 906 F.2d at 1191; *HCP of Ill., Inc.*, 991 F. Supp. 2d at 1000; *Caine*, 897 F. Supp. 2d at 717; *see Patrick v. City of Chi.*, 14 C 3658, 2015 WL 1880389, at *2 (N.D. Ill. Apr. 23, 2015).

In her motion, Neumann argues that we misinterpreted Illinois law, particularly the Illinois Supreme Court's ruling in *Simpkins*. (Neumann Mem. at 2.) She further contends that we failed to account for the fact that Defendants are product manufacturers and thus owe a duty to all persons, including innocent bystanders, who foreseeably might be injured by their defective products. (*Id.* at 6–8.) Finally, she argues that Illinois public policy disapproves of the "no duty" rule we announced because "the law presumes the existence of a duty" where the risk of harm is foreseeable. (*Id.* at 8–9.) She also asks that we grant her leave to amend her complaint, so that she may allege additional facts supporting imposition of a duty.

There are several flaws with Neumann's position. First, her arguments are not based on the criteria warranting reconsideration as described by Rule 54(b). That is, she has not substantively argued that we misunderstood her, "made a decision outside the adversarial issues," or "made an error of apprehension (not of reasoning)." *Broaddus*, 665 F.3d at 860. Nor does she claim that there has been "a significant change in the law" or that "significant new facts have been discovered." *Id.* Her disagreement with our ruling is not grounds for reconsideration.

Second, Neumann either raised—or could have raised—each of these arguments earlier. She is not entitled to reargue theories that we have already considered and rejected or to articulate new arguments that were available to her when briefing MW Custom Papers' motion. *Bank of Waunakee*, 906 F.2d at 1191; *HCP of Ill., Inc.*, 991 F. Supp. 2d at 1000. For example,

5

Neumann now addresses the public policy issues inherent in the duty analysis, but she neglected to address those factors when opposing the motion to dismiss. (*See* Neumann Mem. at 8–10.) Moreover, none of the cases cited in her Rule 54 motion represent a change in the law, and all of them could have been included in her response to the motion to dismiss. (*See id.* at 6–10.) And while Neumann finds error in our reading of *Simpkins*, we again decline to adopt her more expansive interpretation, particularly in the absence of clear direction from the Illinois courts. (*Id.* at 2–6; *see* 3/10/16 Op. at 10–11 & n.3 ("[W]e do not construe the *Simpkins* remand order as an implicit endorsement of take-home asbestos negligence liability.").)

Third, to the extent that Neumann claims we misapprehended the nature of her claims or Defendants' roles as product manufacturers, she is mistaken. (Neumann Mem. at 1–3.) We plainly understood her negligence claims and applied Illinois law governing such claims, including the few cases addressing the existence of a duty in take-home asbestos actions. (*See* 3/10/16 Op. at 5–7, 9–11 (discussing *Simpkins*, as well as the two pertinent appellate court decisions); *see also id.* at 4–5 (summarizing the law about the concept of duty in Illinois negligence cases).) We also explicitly recognized that Neumann "is suing manufacturers and distributors who neither employed her son, nor owned the premises where he worked." (3/10/16 Op. at 12 n.4 (noting that the courts that have addressed this question typically are considering claims against employers or claims brought on a premises liability theory).) Additionally, Neumann did not previously argue that this distinction makes any difference in the negligence context. Nor is it clear that it should. In sum, Neumann has not persuaded us that the rules

governing her negligence claims in Illinois (as opposed to strict liability claims) are any different for product manufacturers than for other types of defendants.[23]

Fourth, and finally, we find that Neumann's request to amend her complaint is futile.[4] The problem with Neumann's complaint is not, and has never been, the factual sufficiency of the pleadings. To the contrary, as we explained in the Opinion, we liberally construed her complaint under Rule 8 and found that it did not suffer from the deficiencies noted by the court in *Simpkins*. (3/10/16 Op. at 6–8.) Neumann alleges that Defendants made or distributed the asbestos-laden products used by Greg and that they knew, or should have known, of the dangerous propensities

---

[2] Relatedly, Neumann cites to *Court v. Grzelinksi*, 72 Ill.2d 141, 146, 379 N.E.2d 281, 283 (Ill. 1978), for the proposition that "Illinois law imposes a duty on manufacturers and suppliers to the benefit of those individuals to whom injury from a defective product may reasonably be foreseen." (Neumann Mem. at 7 (internal quotation omitted).) She also cites to *Rios v. Niagara Machine & Tool Works* to support her assertion that "a manufacturer is under a nondelegable duty to produce a product which is reasonably safe." 59 Ill.2d 79, 85, 319 N.E.2d 232, 235–36 (Ill. 1974). (Neumann Mem. at 3.) But the Illinois Supreme Court in *Court* and in *Rios* addressed only strict liability claims, not negligence claims. *Court*, 72 Ill.2d at 144–45, 379 N.E.2d at 282 (explaining that plaintiff appealed only the dismissal of the strict liability claims); *Rios*, 59 Ill.2d at 80, 319 N.E.2d at 233 ("This is a personal injury action based on strict tort liability."). The strict liability principles set forth in *Court* and *Rios* are irrelevant.

[3] Neumann's reliance on *Marshall* is also misplaced. Neumann contends that, consistent with the Supreme Court's ruling in *Marshall*, Illinois public policy disfavors the type of "no duty" rule we adopted in the Opinion. (Neumann Mem. at 8–11.) But the court in *Marshall* had already found the existence of a duty because of the special relationship between the parties. There, the plaintiff was the business invitee of the defendant and was injured at the business location. *Marshall*, 222 Ill.2d at 437–43, 856 N.E.2d at 1057–60. The court declined to exempt defendant from that duty, thus rejecting defendant's public policy arguments, but the duty itself was clearly established. There is no special relationship here between Neumann and Defendants.

[4] Neumann calls upon Rule 15(a), which provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Nonetheless, leave to amend may be denied if the request involves undue delay, bad faith, dilatory motive, repeated failure to cure pleading deficiencies, undue prejudice to the nonmovant, or futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); *King v. Kramer*, 763 F.3d 635, 643–44 (7th Cir. 2013); *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 868–69 (7th Cir. 2013). An amendment is futile when it "merely restates the same facts using different language, or reasserts a claim previously determined[,] . . . or could not withstand a motion to dismiss." *Bowers v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992) (internal citations omitted). The grant or denial of a motion under Rule 15 is entrusted to our sound discretion. *Foman*, 371 U.S. at 182, 83 S. Ct. at 230; *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014).

7

of those products. (*Id.* at 7.) Based on our reading of the complaint, Neumann alleges that Defendants should have foreseen her injury "and yet failed to take relatively simple steps (i.e. warnings, instructions on handling, recommendations for protective gear, etc.) to prevent harm to the end users of their products, like her son, and those in proximity to those users, like her." (*Id.* at 7.) We deemed these allegations adequate and further noted that, if the foreseeability allegations had been lacking,[5] we would have permitted Neumann to amend the complaint. (*Id.* at 8 & n.1.) In fact, it is only because we deemed her complaint sufficient that we were required to directly address the legal question of duty at all.

While Neumann now seeks leave to add more detail, we find that amendment is simply unwarranted. In her reply brief, she asks to amend to further allege facts as to the foreseeability of her injuries in the early 1970s, (Neumann Reply at 4), but we have already concluded that her allegations as to foreseeability were adequate, (3/10/16 Op. at 7–8). We further acknowledged that, based on existing precedent, Neumann easily could have expressly alleged that the risk of secondhand asbestos exposure was well-established and known to Defendants by the time Greg worked with their products. (*Id.* at 8 n.1.) We issued the Opinion with that background in mind, and Neumann would not benefit from adding further allegations about foreseeability.

Neumann also asks to amend to include facts relevant to the public policy factors. (Neumann Reply at 4.) According to Neumann, she wishes to add allegations, like those asserted by the plaintiff in *Simpkins*, describing the ways that Defendants "could have reduced the risk of exposure, i.e., by substituting other products, providing warnings of the danger, providing safety instructions, testing the products, and requiring hygienic practices." (*Id.* (quoting *Simpkins v.*

---

[5] MW Custom Papers challenged the sufficiency of the pleadings as to foreseeability, in addition to its broader challenge as to the existence of a duty. (MWCP Mem. (Dkt. No. 43) at 6–7.) Thus, in addressing that portion of the motion to dismiss, the parties' briefs and our discussion focused on the foreseeability allegations in particular. (*See, e.g.*, Neumann MTD Opp'n at 8.)

*CSX Transp., Inc.*, 401 Ill. App. 3d 1109, 1118, 929 N.E.2d 1257, 1265 (5th Dist. 2010).) But, based on our interpretation of the complaint, she has already done so. (*See* 3/10/16 Op. at 7.) The complaint explicitly alleges that Defendants failed to "investigate or test for the health effects of their asbestos products" or "warn [Neumann, Greg,] or others of the danger and harm to which they were exposed." (Compl. ¶ 11(b)–(c).) Neumann also alleges that Defendants failed to: (1) "instruct [Neumann, Greg,] and others in the proper handling of asbestos products;" (2) "recommend a reasonably safe method of handling and installing their products;" or (3) recommend "sufficient wearing apparel and proper protective equipment and/or appliances or packaging to protect" them from exposure. (*Id.* ¶ 12(d).) She has therefore asserted that Defendants should have tested and investigated their products, warned users and their families, instructed users and their families about safe handling practices, and recommended protective gear. In other words, she previously and adequately pled the allegations she now requests to add. Her proposed amendment would not cure the legal defect inherent in her complaint. As such, the proposed amendment is futile.

For these reasons, we deny Neumann's motion for reconsideration as well as her request to amend the complaint.

## II. DEFENDANTS' MOTIONS TO DISMISS

We now turn to Defendants' motions to dismiss, brought under Rule 12(c).[6] Rule 12(c) provides that a party may seek judgment on the pleadings "[a]fter the pleadings have closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c); *see Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). When reviewing Rule 12(c) motions, we employ

---

[6] Defendant Federal-Mogul brought its motion under Rule 12(b)(6). (Dkt. No. 100.) Because Federal-Mogul had previously filed an answer, (Dkt. No. 37), the motion is properly considered under Rule 12(c), though it does not make any difference analytically.

9

the same standards applicable to motions brought under Rule 12(b)(6). *Buchanan-Moore*, 570 F.3d at 827 (citing *Pisciotta*, 499 F.3d at 633); *see Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014); *Northern Ind. Gun & Outdoor Shows, Inc. v. South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). Accordingly, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor, as we did when evaluating MW Custom Papers' prior motion. *Adams*, 742 F.3d at 728; *St. John v. Cach, LLC*, — F.3d —, 2016 WL 2909195, at *1 (7th Cir. May 19, 2016); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Jafri v. Chandler LLC*, 970 F. Supp. 2d 852, 855 (N.D. Ill. 2013).

Defendants each raise a simple argument: because we held that Neumann did not state a claim against MW Custom Papers, which owed her no duty, her allegations against the other Defendants must be dismissed under the same rationale. (*See, e.g.*, Honeywell MTD Mem. (Dkt. No. 90) at 4–5; Union Carbide MTD Mem. (Dkt. No. 94) at 1–2; Borg-Warner MTD Mem. (Dkt. No. 98) at 4–5; Federal-Mogul MTD Mem. (Dkt. No. 101) at 1–2, 4; Dana Companies MTD Mem. (Dkt. No. 105) at 1–2; Hollingsworth & Vose MTD Mem. (Dkt. No. 109) at 4–5.) As Defendants point out, Neumann's allegations against Defendants are nearly identical. Only the second paragraph of the complaint includes detail specific to any particular Defendant, as it describes the different products manufactured by Defendants that Greg used in his employment. (Compl. ¶ 2.) Every other substantive allegation refers to all Defendants in the collective and makes no distinction among them. Under these circumstances, logic dictates that our analysis of MW Custom Papers' motion should apply equally to Defendants' Rule 12(c) motions, which raise the same legal question stemming from the same allegations.

Defendants contend that dismissal is required by the law of the case doctrine. That doctrine "embodies the notion that a court ought not to re-visit an earlier ruling in a case absent a compelling reason, such as manifest error or a change in the law, that warrants re-examination." *Minch v. City of Chi.*, 486 F.3d 294, 301 (7th Cir. 2007); *Kathrein v. City of Evanston, Ill.*, 752 F.3d 680, 685 (7th Cir. 2014); *United States v. Robinson*, 724 F.3d 878, 886–87 (7th Cir. 2013). "This presumption against reopening matters already decided reflects interests in consistency, finality, and the conservation of judicial resources, among others." *Minch*, 486 F.3d at 601 (citing *Analytical Eng'g, Inc. v. Baldwin Filters, Inc.*, 425 F.3d 443, 454 (7th Cir. 2005)). The law of the case doctrine is discretionary, however, and reflects "the practice of courts generally to refuse to open what has been decided, not a limit to their power." *Redfield v. Cont'l Cas. Corp.*, 818 F.2d 596, 605 (7th Cir. 1987) (internal quotation omitted); *Kathrein*, 752 F.3d at 685. As Neumann argues correctly, we are not bound by the Opinion.

Nonetheless, as discussed above, we have reaffirmed the reasoning set forth in the Opinion and denied Neumann's motion for reconsideration. While we are not bound by the Opinion, we conclude that its holding should and does apply in equal measure to the allegations against all Defendants. We hereby grant Defendants' Rule 12(c) motions for the same reasons detailed in the Opinion. (3/10/16 Op. at 8–13.)

## CONCLUSION

As set forth above, Neumann's motion for reconsideration is denied.[7] (Dkt. No. 106.) Defendants' motions to dismiss are granted. (Dkt. Nos. 89, 92, 97, 100, 104, and 107.) This case is terminated. It is so ordered.

                                                          */s/ Marvin E. Aspen*
                                                        Marvin E. Aspen
                                                        United States District Judge

Dated: May 31, 2016
        Chicago, Illinois

---

[7] In briefing these pending motions, some of the defendants filed motions to join and adopt briefs filed by other defendants. (Dkt. Nos. 116, 118–21.) We grant these five motions and have considered all relevant arguments.